# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HERNANDEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AVIS BUDGET GROUP, INC., *et al.*<br><br>　　　　　　Defendants. | Case No. 1:17-cv-00211-DAD-EPG<br><br>**ORDER DENYING MOTION FOR ENTRY OF DEFAULT**<br><br>(ECF No. 15) |

Edward Hernandez ("Plaintiff") is proceeding *pro s*e and *in forma pauperis* with this action against Avis Budget Group, Inc.; Daphne Davis, an employee of Avis Budget Group, Inc.; Ford Motor Company, Inc.; Capital One Financial Corporation; and Asset Retrieval and Investigations, Inc. ("Defendants"). Plaintiff filed his First Amended Complaint on January 8, 2018, (ECF No. 5). Plaintiff alleges claims of defamation and intentional/negligent infliction of emotional distress claim against Defendant Asset Retrieval & Investigations, Inc. ("ARI"), and seeks punitive damages. *Id.*

On August 8, 2018, the Court directed the United States Marshals Service ("Marshals Service") to notify Defendants of the commencement of this action and to request a waiver of service in accordance with the provisions of Federal Rule of Civil Procedure 4(d) and 28 U.S.C. § 566(c). (ECF No. 8). The Marshals Service requested that ARI waive service of the summons on the same date. (ECF No. 9). Defendant ARI timely returned the waiver of service on August 20, 2018. *Id.* On October 4, 2018, ARI filed a motion to dismiss the intentional/negligent

1

infliction of emotional distress claim and to strike the punitive damages claim. (ECF No. 10).

Plaintiff now moves for default pursuant to Federal Rule of Civil Procedure 55(a) against ARI. (ECF No. 15). Plaintiff contends that he is entitled to a default judgment because ARI has failed to respond to his defamation claim. Plaintiff argues, "ARI, although appearing in the matter, failed to plead or answer Defamation claim within the time period provided which has now expired." *Id.*

Federal Rule of Civil Procedure 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 12 provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). However, a motion alters the period within which to serve an answer. "'[A] timely filed motion to dismiss which addresses only some of the claims tolls the time to respond to the remaining claims under Rule 12(a)(4).'" *Ruiz v. Flores*, No. 1:14-CV-00179-AWI, 2015 WL 3730793, at *3 (E.D. Cal. June 12, 2015) (quoting *Gamble v. Boyd Gaming Corp.*, 2014 WL 1331034, at *3 (D. Nev. Apr.1, 2014)); *see also Abbott v. Rosenthal*, 2 F. Supp. 3d 1139, 1142–43 (D. Idaho 2014) ("The Court concludes that Rule 12(a)(4) also applies to a partial Rule 12(b) motion, tolling the time period for filing an answer to all claims contained in the Complaint—not just the claims for which the motion seeks dismissal."); *Sun v. Rickenbacker Collections*, No. 5:10-CV-1055 EJD, 2012 WL 2838782, at *2 (N.D. Cal. July 10, 2012) ("The majority of courts have held that Rule 12(a)(4)(A) also applies in circumstances where, as here, the defendant files a motion to dismiss that is only partially dispositive."); *Talbot v. Sentinel Ins. Co., Ltd.*, 2:11–cv–1766, 2012 WL 1068763, at *4 (D. Nev. Mar. 29, 2012) (collecting cases holding that a partial motion to dismiss tolls the time to respond under Rule 12(a)(4)). Instead, an answer must be served within 14 days after notice of the court's decision on the partial Rule 12(b) motion. Fed. R. Civ. P. 12(a)(4).

Here, entry of default is not appropriate as the time within which to serve an answer has not expired. Because Defendant ARI has moved pursuant to Rule 12(b) to dismiss the

intentional/negligent infliction of emotional distress claim and to strike the punitive damages claim, its time to file an answer as to all claims in this action is tolled until the court has rendered a decision on the motion. Accordingly, Plaintiff's motion for entry of default pursuant to Rule 55(a), (ECF No. 15), is DENIED.

IT IS SO ORDERED.

Dated: **November 1, 2018**

/s/ Eric P. Grosj

UNITED STATES MAGISTRATE JUDGE